IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Esther Gillyard, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 5395 |
| Credit Control, LLC, a Missouri limited liability company, and JH Portfolio Debt Equities, LLC, a California limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Esther Gillyard, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.   Plaintiff, Esther Gillyard ("Gillyard"), is a citizen of the State of New York, from whom Defendants attempted to collect a delinquent consumer debt, allegedly owed for a Sears/CitiFinancial account, despite the fact that she was represented by the

legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Credit Control operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Credit Control was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, JH Portfolio Debt Equities, LLC ("JH Portfolio"), is a California limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. JH Portfolio operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, JH Portfolio was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant JH Portfolio is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect, through other debt collectors, such as Defendant Credit Control. Moreover, Defendant JH Portfolio is one of the two members of Defendant Credit Control's limited liability company, and directs/and or controls Defendant Credit Control.

7. Both Defendants, Credit Control and JH Portfolio, are authorized to

conduct business in Illinois, and maintain registered agents here, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, both Credit Control and JH Portfolio conduct business in Illinois.

      8.     Both Defendants, Credit Control and JH Portfolio, are licensed as debt collection agencies in the State of Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>. In fact, both Credit Control and JH Portfolio act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

      9.     Ms. Gillyard is a senior citizen with limited assets and income, who fell behind on paying her bills, including a debt allegedly owed for a Sears/CitiFinancial account. When a prior debt collector, Protocol Recovery Service, began trying to collect this debt from Ms. Gillyard, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Protocols collection actions.

      10.     On June 27, 2009, one of Ms. Gillyard's attorneys at LASPD wrote to Protocol to advise it that Ms. Gillyard was represented by counsel, and to direct Protocol to cease contacting her, and to cease all further collection activities because Ms. Gillyard was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit <u>C</u>.

      11.     Nonetheless, Protocol sent a collection letter, dated July 8, 2009, directly to Ms. Gillyard, demanding payment of the Citifinancial debt. A copy of this letter is attached as Exhibit <u>D</u>.

      12.     Accordingly, on September 2, 2009, Ms. Gillyard's LASPD attorney had to

send Protocol another letter, demanding that it cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Moreover, on October 2, 2009, Ms. Gillyard had to sue Protocol for its illegal collection activities on the CitiFinancial debt, in a matter styled Gillyard v. Protocol; Recovery Service, No. 09 C 6149 (N.D. Ill.).

14. Nonetheless, at some point in time, Defendant JH Portfolio bought the Sears/CitiFinancial debt, and on July 25, 2011, had Defendant Credit Control write directly to Ms. Gillyard to demand payment of the debt. A copy of Defendants' collection letter is attached as Exhibit F.

15. Defendants knew, or should have known, of the prior collection activity and litigation on this account, including, but not limited to, Ms. Gillyard's refusal to pay and representation by counsel, when they stepped into the shoes of the prior owner of the Sears/CitiFinancial debt.

16. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Collections**

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

20.     Here, the letters from Ms. Gillyard's attorneys/agent, LASPD, and the prior lawsuit that was filed on this account, told any debt collector, including the Defendants, to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendant Protocol violated § 1692c(c) of the FDCPA.

21.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

22.     Plaintiff adopts and realleges ¶¶ 1-17.

23.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

24.     Defendants knew, or should have known, that Ms. Gillyard was represented by counsel in connection with the debt at issue because her attorneys at LASPD had informed the prior debt collector, in writing, and through a lawsuit, that she was represented by counsel, and had directed that communications with Ms. Gillyard cease.  By directly sending Ms. Gillyard the collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c (a)(2) of the FDCPA.

25.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable

for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C.  § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Esther Gillyard, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Gillyard, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Esther Gillyard, demands trial by jury.

                                              Esther Gillyard,

                                              By: <u>/s/ David J. Philipps</u>
                                              One of Plaintiff's Attorneys

Dated:  August 9, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com